Ernie SMITH, Plaintiff,

v.

**PRINCIPAL CASUALTY INSURANCE COMPANY, Defendant.**

Civ. A. No. J89–0498(B).

United States District Court,
S.D. Mississippi,
Jackson Division.

June 27, 1990.

Eugene C. Tullos, Tullos Tullos and Tullos, Raleigh, Miss., Joseph E. Roberts, Jr., Cothren & Pittman, Jackson, Miss., for plaintiff.

J. Lawson Hester, Daniel Coker Horton and Bell, Jackson, Miss., for defendant.

## MEMORANDUM OPINION AND ORDER

BARBOUR, Chief Judge.

This cause is before the Court on the Application of Defendant for Review of an Order of the Magistrate. Defendant brings the Application pursuant to Rule 72(a) of the Federal Rules of Civil Procedure.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed this action in August 1989 to recover uninsured motorist benefits for injuries sustained as the result of a motor vehicle accident. An Amended Scheduling Order entered by the Court on March 2, 1990, designated May 7, 1990, as the discovery completion date. On April 25, 1990, counsel for Defendant received copies of deposition notices and deposition subpoenae filed by Plaintiff's counsel noticing the deposition of the two individuals designated by Defendant as its experts, W. Hibbett Neel and Bruce H. Brawner. On April 27, 1990, Defendant filed a Motion for Protective Order and to Quash Deposition Subpoenae in response to Plaintiff's attempt to secure the depositions of the experts. On May 1, 1990, Plaintiff filed interrogatories with the Court which, *inter alia*, requested information regarding the expert witnesses of Defendant pursuant to Rule 26(b)(4)(A)(i) of the Federal Rules of Civil Procedure, and on or about that date Plaintiff served these interrogatories on Defendant. On May 17, 1990, United States Magistrate John R. Countiss, III, signed an Order de-

nying the Motion of Defendant for Protective Order and to Quash Deposition Subpoenae. Also on May 17, Magistrate Countiss signed an Order granting the Motion of Defendant for a Protective Order regarding the answering of the interrogatories on the basis that they had not been timely filed. On June 4, 1990, Defendant filed its Application for Review of the Order denying the Motion for Protective Order regarding the taking of expert depositions.

## II. CONCLUSIONS OF LAW

■ Rule 72(a) states that a magistrate may enter an order disposing of a pretrial matter and that

[t]he district judge to whom the case is assigned shall consider objections made by the parties, provided they are served and filed within 10 days after entry of the order, and shall modify or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law.

The Court notes that the instant Application was timely filed, in that it was filed 10 days after the entry of the Magistrate's Order if Saturdays, Sundays, and legal holidays (in this instance, Memorial Day) are excluded from the computation of the time period pursuant to Rule 6(a).

Rule 26(b) of the Federal Rules states as follows:

(4) **Trial Preparation: Experts.** Discovery of facts known and opinions held by experts ... may be obtained *only* as follows:

(A)(i) A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. (ii) Upon motion, the court may order *further* discovery by other means, subject to such restrictions as to scope and such provisions, pursuant to subdivision (b)(4)(C) of this rule, concerning fees

and expenses as the court may deem appropriate.

(Emphasis added).

■ In its application for Review, Defendant claims that the Magistrate erred in denying its Motion for Protective Order regarding the deposition subpoenae because Plaintiff had not first timely propounded Rule 26(b)(4)(A)(i) interrogatories. As noted *supra*, Plaintiff did file such interrogatories on May 1, 1990, which was prior to the May 7, 1990, discovery cutoff date. However, this filing was not timely. Rule 33(a) of the Federal Rules of Civil Procedure gives the party to whom interrogatories are propounded 30 days within which to serve answers. Thus, in order to meet the discovery deadline, Plaintiff should have filed his interrogatories at least 30 days before the discovery cutoff of May 7. The Magistrate was correct in ruling that the filing of the interrogatories was not timely.

■ The question presented here is whether Rule 26(b)(4) requires the propounding of interrogatories to experts under Rule 26(b)(4)(A)(i) as a precondition to a request to depose those experts under Rule 26(b)(4)(A)(ii). This Court holds that it does. Rule 26(b)(4) is specific in stating the "only" ways that discovery can be had of experts. Subsection 26(b)(4)(A)(i) allows limited interrogatories to experts and subsection (ii) allows "further" discovery in the discretion of the court upon motion.

Here, since the interrogatories regarding experts were not timely filed, the precondition for the taking of their depositions was not met. The ruling of the Magistrate allowing the taking of depositions was clearly erroneous and contrary to law and is hereby reversed. The Motion of Defendants for Protective Order and to Quash the Deposition Subpoenae issued by the Plaintiff to W. Hibbett Neel and Bruce H. Brawner is hereby granted.

SO ORDERED.