In re Robert C. BURROW,
Melissa A. Burrow.

The ARKANSAS BANK, Plaintiff,

v.

Robert C. BURROW, Defendant.

Bankruptcy No. 91–30666S.
Adv. No. 91–3021.

United States Bankruptcy Court,
E.D. Arkansas,
Jonesboro Division.

April 6, 1992.

Bryant Marshall, Jonesboro, Ark., for plaintiff.

Jeannette Robertson, Jonesboro, Ark., for defendant.

ORDER DENYING MOTION TO EXTEND DISCOVERY AND DENYING ADDITIONAL TIME TO PLEAD

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the plaintiff's Motion to Extend Discovery and For Additional Time to Plead, filed on March 27, 1992. The procedural history of this case is as follows: The complaint was filed on June 10, 1991, in response to which the initial Answer was filed on July 10, 1991. Thus, the case was at issue in July

1991. During the months of August through October 1991, amended pleadings were filed. On November 20, 1991, the parties filed their pretrial statement in which both parties advised the Court that three months time would be sufficient for discovery. By Order dated December 20, 1991, the parties were given the following deadlines: discovery was to conclude on or before March 20, 1992; amended pleadings were to be filed no later than March 27, 1992. On March 27, 1992, the plaintiff filed the instant motion, together with an amended pleading.

■ Bankruptcy Rule 9006 provides in pertinent part:

(1) *In General.* Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Rule 9006(b)(1), Federal Rules of Bankruptcy Procedure. The Rule sets forth different standards to be applied depending upon whether the motion is filed before or after the time for the act to be done. In the instant case, the plaintiff has filed its motion to extend discovery after the expiration of the discovery deadline, thus invoking the excusable neglect standard. The motion to extend the pleading time, filed on the last date to do so, invokes the for cause standard.

■ The motion to extend is based on the assertion that during a deposition on March 19, 1992, information pertaining to additional causes of action was discovered. There is no entitlement to an extension of discovery where there is no showing why discovery could not have been conducted earlier, in a timely and diligent manner. *In re Air Crash Disaster at Detroit Metropolitan Airport*, 130 F.R.D. 632 (E.D.Mich. 1989).

Every deposition or other discovery tool holds the potential for uncovering additional causes or evidence. Therefore, it is necessary to plan discovery in order to be able to capitalize on such revelations. This action was filed in June 1991 and was at issue in July 1991. The only statements before the Court indicate that plaintiff waited until literally the last day to conduct discovery. Plaintiff had nearly eight months to conduct discovery, including deposing witnesses. The fact that its tardy discovery aids its case is not reason to extend discovery. Excusable neglect has not been demonstrated.

■ Plaintiff also states that both parties served discovery upon each other on the 19th and 20th of March. When a discovery deadline is established, discovery must be concluded on that date. Service of interrogatories or other document which, by calculation under the Federal Rules of Civil Procedure, are due after the close of discovery are ineffective unless an order is obtained shortening time or lengthening discovery before the expiration of the discovery period. *Smith v. Principal Casualty Insurance Co.*, 131 F.R.D. 104, 105 (S.D.Miss.1990); *see Feir v. Carabetta Enterprises, Inc.*, 459 F.Supp. 841, 844 (D.Conn.1978) (discovery opportunity forfeited where interrogatories served three days before the close of discovery). Accordingly, to the extent plaintiff requests an extension of time to sanction the late interrogatories, that motion will also be denied.

■ Plaintiff requests that it be permitted an extension of time to "plead further." The Court in its discretion, may, for cause shown extend the time for pleading. *See* Rule 9006(b). Cause has not been shown for an extension of time to amend its complaint. The same reasons that preclude an extension of discovery are relevant to this motion: plaintiff has shown only that it waited until the last moment to prepare its case. Accordingly, cause is not demonstrated.

■ The plaintiff filed, on March 27, 1992, a document entitled "Second Amend-

ment to Complaint to Determine Dischargeability, Objecting to Discharge and for Judgment." By Order dated December 20, 1991, the parties were required to file amended pleadings no later than March 27, 1992. This deadline, however, does not nullify Rule 15, Federal Rules of Civil Procedure. Rule 15 provides two methods for amending a complaint after a responsive pleading has been filed: plaintiff may file a motion or obtain the agreement of counsel, in writing, to the amendment. Fed.R.Civ. Proc. 15(a) ("[A] party may amend the party's pleading only by leave of court or by written consent of the adverse party."). No motion to amend the pleadings has been filed within the required time period. In addition, the amended complaint does not reflect that consent of the adverse party has been obtained. Accordingly, the complaint filed on March 27, 1992, will be stricken from the record.

ORDERED (1) the Motion to Extend Discovery and For Additional Time to Plead, filed on March 27, 1992, is DENIED; (2) The Second Amendment to Complaint to Determine Dischargeability, Objecting to Discharge and For Judgment is STRICKEN and does not constitute a pleading in this adversary proceeding.

IT IS SO ORDERED.